UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| DOUGLAS CONERLY,<br><br>     Plaintiff,<br><br>vs.<br><br>JEFFREY BEARD, *et al.,*<br><br>     Defendants. |
|---|

Case No. 1:15-cv-01262-RRB

**<u>DISMISSAL ORDER and<br>DENIAL OF MOTION TO PROCEED<br>*IN FORMA PAUPERIS*</u>**

Plaintiff Douglas Conerly, a California state prisoner appearing *pro se* and *in forma pauperis*, has filed a civil rights Complaint under 42 U.S.C. § 1983 against the City of Delano and various state and municipal officers.[1] Conerly's Complaint arises out of his incarceration at the Delano Modified Community Correctional Facility, Delano, California, ("DMCCF") where he is currently incarcerated.

I.  **SCREENING REQUIREMENT**

This Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[2] This Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

---

[1] In addition to the City of Delano Conerly names as Defendants: Jeffrey Beard, Secretary, California Department of Corrections and Rehabilitation ("CDCR"); L. Venables, Delano Chief of Police; C. Wood, Delano Correctional Officer; and Does 1 – 100.

[2] 28 U.S.C. § 1915A(a).

"frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."[3]

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[4]  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[5]  Failure to state a claim under § 1915A incorporates the familiar standard applied in Federal Rule of Civil Procedure 12(b)(6), including the rule that complaints filed by *pro se* prisoners are to be liberally construed, affording the prisoner the benefit of any doubt, and dismissal should be granted only where it appears beyond doubt that the plaintiff can plead no facts in support of his claim that would entitle him or her to relief.[6]

This requires the presentation of factual allegations sufficient to state a plausible claim for relief.[7]  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of

---

[3] 28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c); *see Lopez v. Smith*, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000) (en banc).

[4] Fed. R. Civ. P. 8(a)(2).

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

[6] *Wilhelm v. Rotham*, 680 F.3d 1113, 1121 (9th Cir. 2012).

[7] *Iqbal*, 556 U.S. at 678–69; *see Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting and applying *Iqbal* and *Twombly*).

entitlement to relief.'"[8]  Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.[9] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[10]

## II.     GRAVAMEN OF COMPLAINT

Conerly's Complaint arises out of a slip and fall incident that occurred on May 25, 2014.  As a result Conerly suffered injuries to his head and lumbar spine.  Conerly alleges that Wood sliced open a water-bag allowing the water to escape onto the floor and walked away.  Although several inmates attempted to mop up the water, some of the water leaked under adjacent lockers into an aisle-way adjacent to the cells.  Approximately 30 minutes later Conerly, unaware of the water on the floor, skidded and fell, slamming his head on the concrete floor.  Conerly further alleges that the reason the water leaked under the lockers was due to the improper or inadequate installation of lockers and his inability to see the water on the floor because of the placement of temporary storage containers that obstructed Conerly's view of the floor.

Conerly alleges that Beard, as Secretary of CDCR, failed to make sure that the facilities at DMCCF were safe for inmate occupancy before placing inmates in it; Chief Venables improperly placed the storage containers creating the reduced visibility; and Officer Wood purposely caused the discharge of the water and walked away without

---

[8]  *Iqbal* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

[9]  *Id.*

[10]  *Id.* (quoting *Twombly*, 550 U.S. at 555).

insuring that the hazard created by the water was removed.  Conerly's claim against the City of Delano is founded upon the principles of *respondeat superior*.

## III.  DISCUSSION

The United States Supreme Court has outlined a two-part test to determine if prison officials have violated a prisoner's rights under the Eighth Amendment:

> [A] prison official violates the Eighth Amendment only when two requirements are met.  First, the deprivation alleged must be, objectively, sufficiently serious[;] a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities . . ..  The second requirement follows from the principle that only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.  To violate the Cruel and Unusual Punishments Clause, a prison official must have a sufficiently culpable state of mind.[11]

With regard to the first requirement, "[t]he circumstances, nature, and duration of a deprivation of [shelter, food, clothing, sanitation, medical care, and personal safety] must be considered."[12]  "The more basic the need, the shorter the time it can be withheld."[13]  Deprivation of basic necessities for even brief periods can constitute a violation whereas more moderate deprivations must be more lengthy or ongoing.[14]

---

[11] *Farmer v. Brennan* 511 U.S. 825, 834 (1994) (citations and internal quotations omitted); *see also Wilson v. Seiter*, 501 U.S. 294, 299–300 (1991) (discussing subjective requirement); *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (discussing two-part test); *Osolinski v. Kane*, 92 F.3d 934, 937 (9th Cir. 1996) (same); *Wallis v. Baldwin*, 70 F.3d 1074, 1076–77 (9th Cir. 1995) (same); *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1994) (same).

[12] *Johnson*, 217 F.3d at 731.

[13] *Hoptowit v. Ray*, 682 F.2d 1237, 1259 (9th Cir. 1982).

[14] *Johnson*, 217 F.3d at 731–32.

DISMISSAL ORDER
*Conerly v. Beard*, 1:15-cv-01262-RRB – 4

As to the second requirement, the relevant state of mind is "one of 'deliberate indifference' to inmate health or safety."[15] To show deliberate indifference, the inmate must prove that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."[16] "Thus, *Farmer* [ ] requires an inmate to show that the official knew of the risk *and* that the official inferred that substantial harm might result from the risk."[17] The "prison official need not have acted 'believing that harm actually would befall an inmate; it is enough that the official acted . . . despite his knowledge of a substantial risk of serious harm.' "[14] The question of the official's knowledge is a question of fact.[15] "Deliberate indifference is a high legal standard. A showing of . . . negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment."[16]

Conerly's Complaint suffers from several deficiencies. First, with respect to Beard, Conerly's claim is based upon an alleged failure to properly supervise. To impose liability on a supervisor, the supervisor's wrongful conduct must be sufficiently causally connected

---

[15] *Farmer*, 511 U.S. at 834.

[16] *Id*. at 837; see *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (discussing objective and subjective elements of deliberate indifference claim).

[17] *Wallis*, 70 F.3d at 1077.

[14] *Id*. (quoting *Farmer*, 511 U.S. at 842) (omission in original).

[15] *Farmer*, 511 U.S. at 826.

[16] *Toguchi*, 391 F. 3d at 1060; see *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002); see also *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) (stating that even gross negligence is insufficient to establish a constitutional violation); *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (per curiam) (noting mere indifference, medical malpractice, or negligence do not support a cause of action under the Eighth Amendment).

to the constitutional violation.[17]  That is, the official must "implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation."[18]  Section 1983 suits do not support vicarious liability, a plaintiff must demonstrate that each defendant personally participated in the deprivation of his or her rights.[19]

> A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiff complains]." *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir.1978) (*Johnson*) (emphasis added).  The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. [Citations omitted.][20]

Conerly's allegations as against Beard, that he did not ensure that DMCCF was safe for occupancy, simply do not rise to that level.  Accordingly, the Complaint as against Beard must be dismissed.

As against Chief Venables, assuming that he was responsible for the placement of the storage containers in the aisle way and that it reduced the width of the walkway, no

---

[17]  *See Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (*abrogated in part on other grounds by Farmer v. Brennan*, 511 U.S. 825 (1994)).

[18]  *Id.* (internal quotation marks and citations omitted).

[19]  *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1069 (9th Cir. 2012); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002); *see Monell v. Dep't of Soc. Svcs.*, 436 U.S. 658, 691–95 (1978) (rejecting the concept of *respondeat superior* in the context of § 1983, instead requiring individual liability for the violation); *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under [§] 1983 arises only upon a showing of personal participation by the defendant.  A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." (Citations omitted)).

[20]  *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoted with approval in *Tennison v. City and County of San Francisco.*, 570 F.3d 1078, 1096 (9th Cir. 2009)).

reasonable properly instructed jury could find that Chief Venables was deliberately indifferent to the safety of inmates, including Conerly. Indeed, it is unlikely that a jury could even find simple negligence, i.e., that Chief Venables could reasonably foresee the chain of events that occurred in this case.

With respect to Officer Wood, the allegations of the Complaint show that, although after slicing open the bag Officer Wood walked away without taking any action to remove the spilled water, several inmates unsuccessfully attempted to mop up the water. While Officer Wood may very well have been negligent in her actions, the Court cannot say that those actions rose to the level of a Constitutional violation, i.e., that they were taken with deliberate disregard for the consequences—the resulting injury to Conerly.

The liability of the City of Delano is derivative, i.e., its liability is dependent upon the liability of its agents, employees, and servants. Because Conerly's Complaint fails to plead facts sufficient to constitute a viable cause of action against either of its employees, Chief Venables or Officer Wood, the claim against the City also fails.

## IV.  ORDER

Normally, the Court would grant Conerly the opportunity to amend his Complaint.[21] In this case, however, it is plainly evident that Conerly cannot truthfully plead a plausible cause of action falling within the scope of § 1983.[22]  Accordingly, the Complaint on file

---

[21] *See Hartman v. California Dept. of Corr. and Rehab.*, 707 F.3d 1141, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile."); *Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc) (explaining that leave to amend should be given unless amendment would be futile).

[22] In reaching this conclusion the Court also considered whether Conerly could plead a viable cause of action based upon the alleged failure to have medical staff available and the
(continued...)

herein is hereby **DISMISSED** in its entirety without prejudice to the bringing of this action in the appropriate California state court.[23]

This Court, having fully considered the matter finds that reasonable jurists could not disagree with this Court's resolution of Conerly's constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further. Accordingly, an appeal would be frivolous or taken in bad faith.[24]  Therefore, Conerly's request to proceed *in forma pauperis* status at **Docket 2** is hereby **DENIED**.

The Clerk of the Court is directed to enter final judgment accordingly.

**IT IS SO ORDERED** this 8th day of December, 2015

                                                 S/ RALPH R. BEISTLINE
                                                 UNITED STATES DISTRICT JUDGE

---

[22](...continued) approximate 40-minute delay in transporting him to the hospital.  Where the claim is based upon delay in providing treatment, a prisoner has no claim for deliberate medical indifference unless the delay was harmful.  *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  In this case, other than the fact that it *may* have prolonged the duration of the pain, it is inherently unlikely that the presence of medical staff would have resulted in Conerly being transported for or receiving appropriate treatment any sooner.  Under the facts of this case Conerly cannot plead a plausible claim under § 1983 based upon that delay.

[23]  The Court expresses no opinion as to the viability of Conerly's claim under applicable California law.

[24]  28 U.S.C. § 1915(a)(3);  *see Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (revocation of *in forma pauperis* status is appropriate if the appeal is frivolous).